AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the

District of Kansas

FILED

NOV 02 2022

Clerk, U.S. District Court
By: _____ Deputy Clerk

Joseph N. Tallie
*Petitioner*

v.

State of Kansas,
Danny Smith, Crawford County
*Respondent* Richard Walker
*(name of warden or authorized person having custody of petitioner)*

Case No.   22-3284-JWL-JPO
*(Supplied by Clerk of Court)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
### Personal Information

1.  (a) Your full name:  Joseph Nathaniel Tallie
    (b) Other names you have used:
2.  Place of confinement:
    (a) Name of institution:  Crawford County Jail
    (b) Address:  225 N. Enterprise Drive, Girard, Kansas 66762

    (c) Your identification number:  431682
3.  Are you currently being held on orders by:
    ☐ Federal authorities   ☒ State authorities   ☐ Other - explain:

    _____
4.  Are you currently:

    ☒ A pretrial detainee (waiting for trial on criminal charges)
    ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
       If you are currently serving a sentence, provide:
       (a) Name and location of court that sentenced you: _____

       (b) Docket number of criminal case: _____
       (c) Date of sentencing: _____
    ☐ Being held on an immigration charge
    ☒ Other *(explain)*:  expired probation case, refusal to submit journal
    entry, refusal to dispose, No Bond incarceration

### Decision or Action You Are Challenging

5.  What are you challenging in this petition:
    ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example,
    revocation or calculation of good time credits)

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

☒ Pretrial detention
☐ Immigration detention
☐ Detainer
☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory
   maximum or improperly calculated under the sentencing guidelines)
☒ Disciplinary proceedings (promotion)
☐ Other (explain): _____

6.   Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: Crawford County Judicial Center
Girard, Kansas   1116 Forest St.  3rd Floor
   (b) Docket number, case number, or opinion number: 18CR30G, 18CR111G, 20CR130G, ~~21CR208~~
   (c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed):
~~denied~~ ~~bond, house arrest, took custodies~~, ~~denied no~~
~~probable cause hearing~~, ~~no~~ Pretrial delay + oppression,
revocation of probation + decision thereafter, no journal entry, no jurisdiction
   (d) Date of the decision or action: June 29, 2020 Sept. 29, 2022 ~~Oct 28, 2022~~
ongoing

### Your Earlier Challenges of the Decision or Action

7.   **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☒ Yes      ☐ No
   (a) If "Yes," provide:
        (1) Name of the authority, agency, or court: Commission on Judicial Misconduct
        (2) Date of filing: Early August 2022
        (3) Docket number, case number, or opinion number:
        (4) Result: No correspondance
        (5) Date of result: They said it would be reviewed October 7th
        (6) Issues raised: At the time I'd spent 11 months house arrest,
$3500 ~~in house arrest fees~~, 7 months jail, revoked bond with
No hearing or delayed hearing. Worst charge is "possession
of cocaine", excessive bond.
        Complained about judges + ~~bad~~ motives.

   (b) If you answered "No," explain why you did not appeal: _____

8.   ~~Second appeal~~ Different action
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☒ Yes      ☐ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: Petition for writ of Habeas Corpus in Crawford County District Court

(2) Date of filing: About July 29, 2022

(3) Docket number, case number, or opinion number: I can't find it

(4) Result: Denied without writ

(5) Date of result: August 3, 2022

(6) Issues raised: Pretrial oppression, excessive bond, no jurisdiction for probation

(b) If you answered "No," explain why you did not file a second appeal: I appealed the first Petition for writ of Habeas corpus to Kansas court of Appeals (22-125652) but it could be a year or more before its reviewed, causing irreversible damage

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

❏ Yes      ❏ No  different action

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: Second petition for writ of Habeas corpus in Crawford county District court

(2) Date of filing: Oct. 11, 2022

(3) Docket number, case number, or opinion number: CRP22CV104

(4) Result: Denied without writ

(5) Date of result: Oct. 11, 2022

(6) Issues raised: pretrial oppression, excessive bond, illegal probation hold

(b) If you answered "No," explain why you did not file a third appeal: Also filed a Petition with supreme court (22-125614-5) but it could be a very long time from now, years before it's answered

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

❏ Yes      ☒ No

If "Yes," answer the following:

(a)     Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

❏ Yes          ☒ No

If "Yes," provide:

(1)  Name of court: _____

(2)  Case number: _____

(3)  Date of filing: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

_____

(b)  Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

❏ Yes          ☒ No

If "Yes," provide:

(1)  Name of court: _____

(2)  Case number: _____

(3)  Date of filing: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

_____

(c)  Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

_____

_____

_____

_____

_____

11.  **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

❏ Yes          ☒ No

If "Yes," provide:

(a)  Date you were taken into immigration custody: _____

(b)  Date of the removal or reinstatement order: _____

(c)  Did you file an appeal with the Board of Immigration Appeals?

❏ Yes          ❏ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Date of filing: _____

(2) Case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____

_____

_____

_____

_____

(d)    Did you appeal the decision to the United States Court of Appeals?

❑ Yes           ❑ No

If "Yes," provide:

(1) Name of court: _____

(2) Date of filing: _____

(3) Case number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

12.    **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☑ Yes           ❑ No

If "Yes," provide:

(a) Kind of petition, motion, or application: *Petition for writ of habeas corpus*

(b) Name of the authority, agency, or court: *Crawford county court house*

(c) Date of filing: *July 28, 2022*

(d) Docket number, case number, or opinion number: _____

(e) Result: *Dismissed*

(f) Date of result: *August 1st, 2022*

(g) Issues raised: _____

_____

_____

_____

_____

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13.   State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** 6th Amendment Right to speedy trial & fair trial

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

20CR130G Was commenced July 7, 2020. Defendant requested trial immediately. Constantly demanded it. Trial set for Feb. 1-3, 2023 despite ongoing complaints. Court forced him to expose his defense in probation hearing. By this point he'll have done 11 Months house arrest ($3500 fees) and 13 Months in jail, the rest on extensive bond supervision. 31 Month delay, none charged to the defendant.

(b) Did you present Ground One in all appeals that were available to you?
☒ Yes       ☐ No

**GROUND TWO:** 5th Amendment Right to Due Process, the right to not be held ~~unless~~ for a crime unless on present to a grand jury.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

There Was no trial setting for 23 out of the 31 month delay. Just status conference after status conference over the defendants objection.

(b) Did you present Ground Two in all appeals that were available to you?
☒ Yes       ☐ No

**GROUND THREE:** 14th Amendment Due Process, timely dispositions

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

Application to revoke probation in 18CR30E + 18CR111G Was submitted July 13, 2020. Probation ended March 6, 2021. $2163 in fines + 100 hours community service all fulfilled. Probation Revocation held on Sep. 29, 2022 regarding the application from July 2020. Revoked Probation. ordered defendant "No Bond" until disposition of 20cr130G. Refuses journal entry.

(b) Did you present Ground Three in all appeals that were available to you?  Pro Tempor Judge Not
☒ Yes       ☐ No       even assigned to those cases!!

Some, but not all

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**   8th Amendment Excessive Bond is prohibitted

(a) Supporting facts *(Be brief. Do not cite cases or law.):*

20CR130G is a simple "possession of cocaine" case, presumptive probation. Bond is $50,000. Defendant not a flight risk or a threat to public safety.
18CR30G is a probation case, 18CR111G is probation, both drug Level 5 felonies ran concurrent. Ended March 6, 2021. Bonds are currently $25,000 each. Judge recently ordered "No Bond" a month ago but no journal entry

(b) Did you present Ground Four in all appeals that were available to you? or commitment order.
☒Yes yes      ☐No

14.   If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:   My other petitions were filed + appealed before trial was set for the 20CR130G (February 2023), and before probation was revoked in 18CR30G + 18CR111G without disposition or journal entry.

**Request for Relief**

15.  State exactly what you want the court to do:   Dismiss 20CR130G for unconstitutional delay in trial. Dismiss 18CR111G + 18CR30G for being already completed, outside the lack of prosecution, outside the Pro Tempor Judges jurisdiction. Release Defendant from jail. Order journal entries to be filed.

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

October 26, 2022

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 10/20/22

_____
*Signature of Petitioner*

_____
*Signature of Attorney or other authorized person, if any*

United States District Court for the District of Kansas
Regarding State of Kansas v. Joseph N. Tallie
Case No.'s  18CR306, 18CR1116, 20CR1306
out of  Crawford County District Court

<u>Petition For A Writ of Habeas Corpus</u>

Comes Now, the Petitioner, Joseph N. Tallie, ~~psee~~ pro se, is a pretrial + predispositional detainee at the Crawford County Jail under the authority of State Officials with the seal of Crawford County District Court. In his quest to exhaust all available state remedies, as this court may prefer him to do, it has become apparent to the petitioner that this may be such an exceptional case of harassment and undue oppression, as described in <u>Younger v. Harris</u>, to render the review by Federal Authorities ~~you~~ who are readily available and responsive to The People's complaints. The Petitioner points out the heavy case loads pending in the State Appellate courts and the amount of time it takes them to respond to The People's cry (at least a year) as compared to your Honor.

<u>Other Remedies</u>
1.) Joseph N. Tallie  v. Ashley Weile, CSO., et al.,
District Case No. 22CV77P "Petition For Writ of Habeas Corpus"
Filed on July 30, 2022; Denied Writ on August 1st, 2022
Appelate Case No. 22-125652-A  (Pending)
2.) State of Kansas v. Joseph N. Tallie (Petitioner)
Appellate Case No. 22-125614-S "Petition for writ of Habeas corpus"
Filed on October 5th, 2022  (Pending)

2

3.) Joseph N. Tallie V. Danny Smith, Crawford County
District Case No. CRP22CV104
Filed Oct. 11th, 2022; Denied Oct 11th, 2022
No Appeal Taken

4.) Motion to Dismiss; Denied August 30, 2022. (20CR130G)

## Statement of Issues

1.) 5th Amendment - The petitioners due process right to not
be held to answer for a crime unless on presentment to a
grand jury was violated because for 23 months he was held
either in jail, on house arrest, or bond supervision without a
pending trial date, but on pending charges. His bond was
continuously revoked without a hearing

2.) 6th Amendment - The Petitioners right to a fair and speedy
trial has been violated by 31 months through pretrial oppressions
and preordained judgements in an attempt to break his will
to obtain a guilty plea. Conspiracy to prevent lawsuits.

3.) 8th Amendment - The controlling charge in 20CR130G is possession
of cocaine (Level 5 drug), bond is set at $50,000. 18CR30G & 18CR111G
are concurrent probation cases with a controlling sentence of 23 months; they
expired March 6, 2021; bond is set at 825,060 each consecutive; although the
judge ordered "No Bond" on Sep. 29, 2022, the sheriff still has him on a
$100,000 bond.

4.) 14th Amendment - The court was without jurisdiction to revoke probation
in 18CR30G & 18CR111G because the State waived prosecution, the
Pro Tempor judge was not assigned, and the terms of probation
were fulfilled + expired 18 months prior. The court refuses to
submit an appealable journal entry or to determine a final ~~disposition~~
disposition.

3

## Statement of Facts

1.) 18CR306 & 18CR1116 are concurrent probation cases with a 12 month term and a controlling 23 Months prison sentence. He was ordered to pay $2163 in fees and court costs and to complete 100 hours community service.

2.) <u>March 6, 2020</u> - Mr. Tallie began his 12 months probation as required in 18CR306 and 18CR1116.

3.) <u>March - July, 2020</u> - Mr. Tallie shared "conflictgate.com" all over his social media accounts, Shared petitions to oust local Judges (Kurtis Loy and Lori Bolton-Fleming) as described in <u>Muathe v. Fleming</u> (D. Kan. 2016) (case No 16-CV-2108-JAR-GLR), and Shared short essays describing the local corruption in the court system, which may Just very well be all over Kansas and the United States, by which "no indigent defendant accused of a crime is afforded their constitutional rights, but is most certainly coerced into plea deals." Mr. Tallie further exercised his free speech regarding the practice of local police being malicious. His Main platforms were Facebook and snapchat.

4.) <u>July 5th, 2020</u> - Officers viewed a snapchat video of whom they believe to be Mr. Tallie's step brother, Quionte Tidwell, shooting a shotgun in the backyard of a home that they also believe belonged to Mr. Tidwell on what they believed was the day before, on 4th of July. The shotgun appeared to be sawed off less than 18 inches.

5.) <u>July 6th, 2020</u> - Detective Aaron Hembree applied for a search warrant without notarizing his affidavit or swearing under oath. The search warrant was issued by Judge Kurtis Loy.

6.) <u>July 7th, 2020</u> - The affidavit was notarized on this day. The search warrant was executed at 6 AM by the Special Response

4

Team. According to testimony, Mr. Tallie was _not_ expected to be inside the home. Mr. Tallie and Mr. Tidwell were both Found in the home, as well as ~~the shotgun~~ the anticipated sawed off shotgun, cocaine, and green vegetation.

7.)     As Mr. Tallie was led outside, he demanded to see the search warrant. None of the available officers would claim to have actually seen the warrant except Detective Nance. ~~He~~ Nance claimed Detective Hembree went back to get another warrant to search for drugs and accidentally took the first warrant with him. Officers continued going in and out of the home as this was all happening. Rebekha Lynch, who just so happened to be the pulic notary on both search warrants, was present at the scene. Mr. Tallie never saw Detective Hembree.

8.)     Detective Nance began interrogating Mr. Tidwell about what was found inside the home and Mr. Tidwell began speaking. Mr. Tallie advised Mr. Tidwell not to speak. Mr. Tidwell then invoked his right to remain silent and advised the Detective to call his retained lawyer, Rick Smith, whom just so happened to be a local judge at the municipal court of the police station. Detective Nance then stated, "Take them both to jail."

9.)     Both suspects were booked in on $25,000 bonds for "Distribution of cocaine, Distribution of marijuana, felon in possession of a firearm, & criminal use of a weapon." In addition, Mr. Tidwell was charged with "Unlawful discharge of a firearm." Mr. Tidwell was able to bond out, but Mr. Tallie could not afford it. No charges will ever be brought in court against Mr. Tidwell regarding this matter. Mr. Tallie remained in jail. They were both blasted in the newspaper, Tv, and social media.

5

10.) July 8th, 2020 – Prosecution is commenced against Mr. Tallie for this new case, 20CR130G. He First Appeared before Judge Kurtis Loy who signed the Search warrants. Mr. Tallie told the Judge that he works at "Sugar creek Packing" but could not afford an attorney at this time. The Judge appointed Jo Anna Derfelt. He then stated "I find probable cause to believe you committed these crimes" and doubled the bond to $50,000. The prosecutor was not present. Mr. Tallie argued that there is no way there's probable cause and that $50,000 was excessive and that he wants a preliminary examination within 14 days like the law says. The Judge said "Well thats for your lawyer to discuss with the prosecutor." The Judge scheduled a status conference a month out.

11.) July 13th, 2020 – The State motioned the court to revoke bond probation in 18CR230G & 18CR111G for the following violations of assigned conditions; "1.) Refrain from violating the law and report all negative contact with law enforcement to your assigned ISO within 48 hours; and 2.) Do not change addresses without notifying your ISO."

12.) July 15th, 2020 – Mr. Tallie is First Appeared on the probation Revocations. The state requested the probation cases to trail behind the new case, in case a crime is established. The Judge agreed and set bond to coincide with 20CR130G. So bond was set at $50,000, total. (Judge Jennifer Brunetti)

~~12.) Next Few Months ~~ ~~is~~ ~~Faith~~

13.) July 20th, 2020 – The Chief Judge, Lori Bolton-Fleming, signed a search warrant authorizing all law enforcement officers in the state of Kansas to search the headquarters of

6

Snapchat, Inc., located outside her jurisdiction in Venice, California, to obtain inter alia, Mr. Tallie's email address, Passwords, security questions & answers, all personal messages, any and all photos or videos saved within chats, Memories, "My Eyes only", and any other saved content within his account. She further made an order forbidding all persons with knowledge of this search from notifying the Defendant.

14) <u>Next 2 Months</u> - Mr. Tallie continued to demand preliminary examination and asserted his innocence. His attorney, Jo Anna Derfelt, refused to give him discovery, stated it was her job to simply negotiate plea deals and nothing further, and stated that Crawford County had never offered a timely preliminary in all her years as a lawyer. She stated that the state had all the evidence they needed to bind him over on all charges and would easily convict him in trial. Finally, Mr. Tallie requested to represent himself after she said, word for word, "Whether you like it or not, You're not getting a preliminary."

15) <u>September 16, 2020</u> — Defendant made a Not Guilty Plea entry and demanded a speedy trial, asserting Self-representation.

16) <u>September 21, 2020</u> — Judge Brunetti convinced the Defendant that she has a friend who would represent his best interest and wont delay the prelim scheduled for Oct. 2ⁿᵈ. She pulled out her personal cell phone and called Larry Markle, an ex-prosecutor who had recently been sued by ACLU for legal malpractices. Though, Mr. Tallie did not know that.

7

17.) <u>Next Few Days</u> – Larry Markle demanded the Mr. Tallie to turn over the username for all his social media accounts so that Mr. Markle could look at his pages and make sure there wasn't anything incriminating that the state could use. He said that as a ~~prosecutor~~ retired prosecutor he knows what to expect, and said this was a request made by every well trained attorney.

18.) <u>October 2nd, 2020</u> – The state requested a continuance for a witness who "had a sudden medical emergency". Mr. Tallie complained. Mr. Markle said, "It would only be fair to Mr. Tallie if the state produced a doctors note, but out of respect for the witness, the defense does not need to see that note. Inspection by the judge should be suitable enough." Suddenly the state produced the ~~subpoena~~ Dr's Note and the judge okayed it. Prelim continued to October 13th... Come to find out later, that witness wasn't even subpoenaed.

19. <u>A week later</u> – Mr. Markle began telling Mr. Tallie that the state has everything they needed to bind him over, so a step further in their strategic approach would be to waive preliminary examination to avoid exposing their defense. He further stated there was no way Mr. Tallie was getting out of a prison sentence unless he agreed to be an informant. This made Mr. Tallie angry and he strongly disagreed. Mr. Markle then said, "Well you better just represent yourself then since you know everything." He then gave Mr. Tallie the evidence-photos in black and white. Nothing was clear. He then told Mr. Tallie advice, "The key is to ask as few questions as possible." Yeah whatever.

8

20.) October 13, 2020 – Mr. Tallie represented himself with standby counsel, Larry Markle. When Mr. Tallie sought advice, Mr. Markle said "Nope, I'm on stand by. This is your show bud." Nonetheless, the <u>distribution charges were dismissed</u>. Mr. Tallie was bound over for "Possession of cocaine, felon in possession of a firearm, Criminal use of a weapon, possession of marijuana." These charges are all presumptive probation, although a special rule could apply. Mr. Tallie was released on house arrest with GPS Monitoring ($77 a week) and was ordered to live with his father.

21.) October 27, 2020 – Mr. Tallie was arraigned on all charges and pled Not Guilty. The court stated they were not yet prepared to host a trial but indicated the defendant had no right to speedy trial. He disagreed.

22.) November 13, 2020 status conference – Mr. Tallie requested relief from house arrest so that he could walk his dog, or for less restriction. The Judge said "No. You need to get rid of your dog." Mr. Tallie continued to assert constitutional speedy trial.

23.) On or about November 16, 2020 – The ~~court~~ state ~~received~~ received the forensic lab reports. The ~~G~~reen vegetation was <u>not</u> an illegal substance. Nobody brought this to the Defendants attention. He ~~sull~~ did not find out for almost two years.

24) November 18, 2020 – Mr. Tallie motioned the court to order the state to preserve all electronic "Police Communications" relevant to this case. The state said they understood that a failure to preserve would be a <u>Brady</u> violation, and said that an order from the court would be unnecessary. Mr.

9

Tallie knew that such evidence would hold exculpatory value.

25.) December 23, 2020 - Police came to Mr. Tallies home and arrested him for alleged bond violations. He was held "No Bond".

26.) January 14, 2021 - Defendant was released from jail but placed back on house arrest as a condition of bond.

27. (BackTrack) October 2020 - Defendant no longer had access to Snapchat account. Known password was invalid. Recovery Methods were invalid.

28. By March 2021 - Defendant paid all fines ($2163) and completed 100 hours of community service as required for probation in 18CR306 & 18CR1116.

29. March 6, 2021 - Probation terms expired.

30. March, 2021 - Defendant realized how angry it made the court that he was Pro Se, they were not respecting him enough to set trial or lift house arrest order. He was working full time (55 hours a week) and was attending college full time. So he requested Larry Markle to step back in as counsel. Mr. Markle said that should be fine. The next day, he called Defendant and said "You ruined everything by representing yourself. I'm withdrawing from your case"

31.) Thereafter, the court reappointed JoAnna Derfelt again. Mr. Tallie requested a different attorney because of the issues he had with Derfelt earlier in this case. The Judge refused and said "Thats the downfall of being indigent. Either you make it work with her or you represent yourself." So Mr. Tallie gave her a second chance. (There was still no trial date).

10

32.)      Ms. Derfelt put in a motion requesting Tallie's relief from house arrest because Mr. Tallie paid all his fines and completed community service as required for probation and was a college student with a full time job. The state agreed, acknowledging the fulfilled requirements of probation in 18CR306 + 18CR1116, but requested Mr. Tallie be on bond supervision pending the outcome of 20CR1306.

~~33.) April 2021 - The judge sided with the state and placed Mr. Tallie on bond supervision~~

33.) April 8th, 2021 - Judge Brunetti ordered Larry Markle to be paid pursuant to KAR 105-5-8; which is payment for exceptional and complex cases, like murder trials.

34.) April 28th, 2021 - Judge Brunetti took up bond matters and sided with the state. Mr. Tallie was removed from house arrest and placed on bond supervision. She declined to set a trial date.

35.) July, 2021 - Ms. Derfelt informed Mr. Tallie that the state was offering probation. Mr. Tallie said "Thanks for letting me know, but no. Tell the state that I'm absolutely not negotiating, 'cause like I said a year ago. I'm innocent." This made Ms. Derfelt angry. Mr. Tallie further said, "You can start with a motion to suppress."

36.) August 2021 - The State's prosecutor, Christina Lloyd, withdrew. Still no trial date.

37.) September 2021 - Defendants attorney, JoAnna Derfelt, withdrew. She is now an assistant prosecutor for that same county. Judge Brunetti said, "Mr. Tallie this is the last

11.

time I'll appoint you an attorney, but if you can't resolve things you'll have to represent yourself."
She appointed Brian Duncan. She declined to set a trial date.

38. <u>October 2021</u> - Ethan Manke enters appearance as prosecutor. The old prosecutor, Christina Lloyd, signs a written plea agreement to not file any charges in this matter against co-defendant, Quionte Tidwell. The state motions to revoke Mr. Tallies bond.

39) <u>November 12, 2021</u> - Mr. Tallie is pulled over on his way home from work at 2:30 AM. He is advised of his warrants. He asked if he could park his car at his house just a block away. The officer said his car was fine right where it was. After Mr. Tallie went to jail, the officers called to have the vehicle towed. It took Mr. Tallie's family two weeks to find the vehicle and they had to pay $450 to get it out. Mr. Tallie asked his family to mail him the police reports and other forms of discovery that were in his trunk; But these items could not be located. Mr. Tallie remained without bond.

40.) <u>The Next 30 Days</u> - Mr. Tallie was not given a bond hearing. He contested the allegations of violating bond. His new attorney, Brian Duncan, said he personally talked to the judge and that she was too busy to give him a hearing and she was tired of dealing with Tallie. Mr. Tallie complained about losing his job, his home, and his vehicle, and that he was enrolled in college and they were ruining his life. Mr. Duncan adviced Tallie he could get out soon if he accepted a

12.)

plea for probation. Mr. Tallie refused and said he wanted a trial and a bond hearing. Mr. Duncan said (according to his ex-parte communication with the judge) that neither a trial, nor a bond hearing, would be available in the near future.

41.) <u>December 9, 2021</u> - Mr. Tallie wrote the prosecutor regarding the oppression. The court clerk uploaded it to the public portal.

42.) <u>December 13, 2021</u> - Attorney Brian Duncan motioned for bond.

43.) <u>December 16, 2021</u> - A status conference was held. Judge Brunetti declined to discuss bond but asked if the parties had "reached a resolution". Mr. Tallie wanted trial. The judge stated they were not prepared to host a trial. Set status conference for February, 2022. No Bond.

44. <u>Thereafter</u> - Mr. Duncan advised Tallie that their only option was to accept a plea for probation, accept house arrest as a condition of bond again ($77 a week), or to sit in jail indefinitely. Mr. Tallie reluctantly stated he would choose house arrest as a condition of bond, but he wanted to visit his mother and father at their seperate homes. The prosecutor stated he highly doubts Mr. Tallie's father wants anything to do with Mr. Tallie. Mr. Duncan agreed with Tallie that the prosecutor was being racist.

45.) <u>December 23, 2021</u> - Mr. Tallie was released on house arrest with Covid-19. He could not visit his parents. He was alone on christmas.

46.) <u>January 9, 2022</u> - Judge Brunetti recused herself from Mr. Tallie's cases and requested a new judge.

47.) <u>January 20, 2022</u> - The supreme court appointed Senior Judge John Sanders to 18CR30G, 18CR111G, and 20CR130G.

13.)

48. <u>April 2022</u> — Judge Sanders set trial for July 19-22, 2022, pretrial for June 28, 2022, and pretrial submissions were due on June 16, 2022. The judge refused relief from house arrest. Mr. Tallie brought to the judges attention that 18CR30G & 18CR111G expired more than a year before and all conditions were fulfilled, and that 20CR130G was for presumptive probation charges. That judge stated that he was not aware of these circumstances and advised council to put in a motion to dismiss. Mr. Duncan withdrew as council for ineffective communication. Mr. Tallie chose to represent himself at trial to avoid a delay. Mr. Duncan was appointed as standby council. Mr. Duncan claimed to have lost all of Mr. Tallies discovery. The State refused to provide Mr. Tallie with discovery.

49. <u>May 2022</u> — Mr. Tallie's friend was wrongfully arrested and accused of murdering his own (not Tallie's mother) mother. Mr. Tallie took to Facebook to bring attention to the courts corruption. Mr. Tallie obtained 450 signatures petitioning the court to give the young man a preliminary examination within 14 days. The prosecutor emailed Mr. Tallie to come pick up his discovery in their office.

50. <u>June 1st, 2022</u> — Mr. Tallie arrived at the District Attorneys office and requested his discovery. They refused to give it to him and called security to have him arrested on outstanding warrants in the foregoing cases. Mr. Tallie fled and removed his ankle monitor. Charges were filed for interference with LEO in CRG22CR208.

51. <u>June 16, 2022</u> — Mr. Tallie submitted pretrial motions via

14.)

fax machine without the assistance of having discovery.

52.) (Backtrack) June 10th, 2022- Judge Sanders was removed as Judge. Senior Judge Richard Walker was appointed (by supreme court) to 20CR130G, but not to 18CR30G + 18CR111G. The probation cases are labeled as "Disposed" on the Kansas District Public Portal.

53.) June 22, 2022 - Mr. Tallie was arrested at his home in the middle of the night.

54.) June 23, 2022 - First Appearance - Mr. Tallie goes before Judge Kurtis Loy who believes this is first appearance for probation revocation in 20CR130G and for new case in CRG22CR208. Mr. Tallie advised he is not on probation, he is on bond supervision. The judge seemed confused and said "Oh. You're right." and kept him held with no bond. Mr. Tallie objected. The judge said "You're in there for committing a crime, Mr. Tallie. You don't deserve a bond." Mr. Tallie said, "No, you committed a crime!" etc. Judge refuses to set preliminary.

55.) June 28, 2022 - Judge Richard Walker cancels trial and refuses to hold pretrial. The state gives Mr. Tallie some discovery but its missing photos, videos, and police communications. Mr. Tallie discovers for the first time that his Snapchat account had been searched and invaded, and that the green vegetation was not an illegal substance. Bond set at $107,500 without hearing.

56.) July 19, 2022 - Judge hears pro se motion to dismiss + motion to suppress. He takes them under advisement. He ordered preliminary for 2022 CRG22CR208 to be

(Transcripts online)

15.)

A prosecutor announced that all police communications were destroyed and unavailable for the defense. Judge refused relief.

August 1st, 2022, as well as probation revocation for 18CR30G & 18CR111G. No trial date for 20CR130G.

July 29, 2022 — Mr. Tallie put in a petition for writ of Habeas Corpus with the district court (see Tallie v. Weile, Case No. 22CV770)

August 1st, 2022 — The writ was denied and the judge misstated all of the facts, stating that the petitioner was incarcerated for illegal drug distribution (false). The judge did not address the important factors like the 2+ year delay in trial and the 2+ year delay in revocation, and the judge ignored the motion to reconsider.

After the writ was denied, Mr. Tallie was brought to court for the scheduled revocation and preliminary hearing. The Pro Tempor Judge, Richard Walker, was angry at Mr. Tallie for the petition. He continued the court date because the state forgot to subpoena witnesses, but charged Mr. Tallie with the delay because he petitioned the court for habeas corpus. Made no sense. Mr. Tallie continued complaining about not having evidence. Complaints were ignored.

August 30, 2022 — Mr. Tallie advised of photo evidence being placed in his property, but he did not have time to review them before court. He arrived at probation revocation for the allegations filed July 13, 2020. Evidence were entered over his objection, despite the fact he had not been able to view them prior to the hearing, and the photographer was not there to lay a foundation. The judge was mocking Mr. Tallie's objections, but decided

16.)

to bifurcate the hearing to September 29, 2022. The judge also denied the previous Motion to dismiss. He said that Mr. Tallie's strongest argument to dismiss was due to his three month delay in preliminary examination, and that this argument held no merit. Mr. Tallie's strongest argument was clearly a constitutional violation in speedy trial. When Mr. Tallie brought this to the judges attention, the judge said, "Well I already ruled we're not about to go back and redo things. You have no right." The judge also declined to hearing pending motion to ~~delete probation~~ dismiss probation revocation. ~~September 29, 2022 a prior to this date, Mr. Tallie~~

Next 30 days - Mr. Tallie discovered that police officers planted his ~~photos~~ I.D.'s to appear incriminating in certain photos, and that his I.D.'s were not in the original photos taken in the home. Also important to note, charges against Mr. Tallie's friend who was wrongfully charged with murder of his own mother, whom Mr. Tallie obtained 450 signatures for, were all dismissed. Mr. Tallie believes his part in this protest has angered the local racist ~~officials~~ authorities.

September 29, 2022 - The probation revocation was heard, but the judge refused to have a "rehearing". The judge did not care about the planted evidence; Mr. Tallie's presence in the home was enough for him. The judge also stated that Mr. Tallie had no right to a speedy revocation process. The judge revoked probation in 18CR30G & 18CR111G and ordered him sentenced to the county jail with no bond pending the disposition of 20CR130G. The preliminary in

CRG22CR208 was heared and the case was dismissed October 18, 2022- The judge finally had a bond revocation hearing and said the issue was moot. He refused to make an appealable journal entry for probation revocation until after 20CR130G is disposed. Scheduled trial for 20CR130G to be February 1-3, 2023.

Thereafter - The defendant remains incarcerated with No Bond pending trial. He has never failed to appear. The Pro Tempor Judges appointment expires in November, 2022. A fourth judge will soon be on the case. Mr. Tallie has had two prosecutors. By the time trial arrives he will have undergone 31 months delay in trial, 13 months jail, 11 months house arrest, ($3500 house arrest fees), and he has been <u>begging</u> for trial since day one. All judgements have been preordained and there is no adequate route for relief. Mr. Tallie has been harassed, oppressed, mocked, and deprived of his constitutional rights.

# Argument & Memorandum

In <u>Ex Parte Royal, 117 U.S. 241 (1886)</u>, the United States Supreme Court described some very limited ~~circumsta~~ circumstances in which intervention between federal and State courts might be proper, one circumstance being "When there is some reason why the State court may not resolve the constitutional question in the first instance." Id. at 251-52. Well in this case, the petitioner brought the questions to be resolved in his "Motion to dismiss" (argued July 19, 2022; decided August 30, 2022), but the court completely ignored

18-)

the speedy trial and other relevant issues, and pretended like the main issues were involving the delayed preliminary examination and not trial. The petitioner brought this to the State courts attention, and but the judge refused to reconsider the issue. The Petitioner has also brought the questions into the Districts civil court on two different Petitions for Writ of Habeas Corpus, but the Pro Tempor Judge on those cases mistated the facts and ignored the important questions. The Petitioner cannot appeal the decisions by the Pro Tempor judge on his criminal cases, regarding bond, to be heared by the Chief Judge or any other district judge, because they are all personally involved in the case against Mr. Tallic, and they have each recused themselves from making further judgements. The petitioner has brought the question to be heared in the court of appeals and the Supreme court of Kansas, but there is no way these State courts can resolve these constitutional questions in "this first instance" because they are back logged; currently resolving questions brought more than a year ago. It will be more than a year from now before the Appellate courts are able to resolve these questions, making the federal court the only <u>readily</u> available court left to answere these questions and uphold the Constitution.

The irreparable injury being inflicted onto the petitioner is significant. It has cost him personal relationships, his home, his vehicle, his dog, thousands upon thousands of dollars in lost wages, undue mental anguish, and years stolen from ~~his life~~ this temporary life in which death is guaranteed. The petitioner understands that

19.)

this is common in the criminal process, but only as punishment after being duly convicted. This injury is unacceptable in the United States, for defendants being charged with low-level crimes and who have asserted actual innocense and demanded to have a speedy trial years ago. The petitioner is aware of the three factors under Younger v. Harris (1971) in which the Federal court may not intervene when "1.) the state proceedings are ongoing, 2.) the state proceedings implicate important State interests, and 3.) the state proceedings afford an adequate opportunity to present the federal constitutional challenges."

In 18CR30G & 18CR111G, the state proceeding should not be considered "ongoing" because the terms of probation expired on March 6th, 2021, all fines were paid, all community service hours were fulfilled, no violation was established, no extention was made, the State waived prosecution, and the court lost jurisdiction through negligence. Suddenly, more than a year after the terms expired, a new prosecutor and a retired senior judge who are both unfamiliar with the case brought it back up and forced a revocation hearing. The judge revoked probation, but simply refuses to make a journal entry to appeal on. The State proceeding hardly implicates an important State interest because its involving a low level drug possession with a 23 month controlling sentence. It is more in the interest of local authorities avoiding lawsuits for wrongful incarceration. The State proceedings do not offer an adequate opportunity to present the federal constitutional questions because the questions are ignored and the facts are misstated, and the appellate courts are not readily available to answer such

20.)

questions. These cases are "disposed" on the Public Portal.

20CR130G is similar to the foregoing issue because sure its "ongoing", but 31 months delay in trial is ongoing way too long, and, based on prior proceedings, its subject to be delayed over the petitioners objection. The charges are simply "possession of cocaine, possession of a firearm, and criminal use of a weapon." The worst charge being presumptive probation with a 20 month prison sentence, and the weapon charges being multi-plicious to one another. These are not high on states priority for prosecution, but the facts surrounding this case is why local authorities are personally involved with a personal interest, due to being liable for their own misconduct. All opportunities to have these legal questions presented in state courts have been taken by the petitioner and they have all been shot down without thought, ignored, or are on a multi-year long waiting list.

And if all of these "Younger v. Harris factors" are somehow met, this Honorable court should still issue the Writ for Habeas Corpus because of the "extraordinary circumstances of proven ~~harassment~~ harassment [and] prosecutions undertaken by State officials in bad faith without hope of obtaining a valid conviction." (Price v. Hill (D. Kan. 2022) quoting other cases). The petitioner will attach before and after evidence photos, as well as the illegal search warrants, to prove these are not merely allegations of bad faith or harassment. The petitioner also encourages the court to take a look at transcripts and motions available on the public portal. The petioner has also spoken with codefendant Quionte Tidwell, who is immune

21.)

from prosecution, and he is prepared to testify on the petitioners behalf at trial that he was the sole possessor of the firearm and cocaine. The state officials are aware of these intentions.

Relief
      Wherefor the petioner prays for this Honorable court to stop the ongoing prosecutions in all three pending matters, to order the immediate release of the petitioner from pre-trial detention, and for all other and further relief this court deems just.


           Respectfully Submitted
           Joseph N. Tallee
           Joseph N. Tallie, political prisoner, Rights Activist+
           225 N. Enterprise Dr.
           Girard, KS 66743


I, Joseph N. Tallie, under the penalty of perjury, hereby certify that the ~~facts~~ foregoing "Statement of facts" and other information offered to the court, ~~once it~~ as may be further supplimented ~~ice~~ orally or in writing, are true to the best of my knowledge and can be relied on by the court;
      This 26th day of October, 2022.

           submitted
           Joseph Tallie
           Joseph N. Tallie

# Declaration of Innocense

I, Joseph N. Tallie, under the penalty of perjury, declare my innocense in 20CR130G, and assert that I can prove this in court by a preponderance of evidence, and further declare that the state officials are prosecuting said case in bad faith without the hopes of gaining a valid conviction.

/s/ Joseph Tallie 10-26-22
Joseph N. Tallie