IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH N. TALLIE,

    **Petitioner,**

    v.                                                   **CASE NO. 22-3284-JWL-JPO**

DANNY SMITH, et. al,

    **Respondents.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a pretrial detainee at the Crawford County Jail in Girard, Kansas, proceeds pro se. The Court screened the Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and directed Petitioner to show good cause why this matter should not be dismissed under the abstention doctrines set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and *Ex Parte Royall*, 117 U.S. 241 (1886). (Doc. 5.) This matter is before the Court on Petitioner's response (Doc. 6).

In his Petition under § 2241, Petitioner alleges a speedy trial violation, due process violations, and excessive bond in his state court criminal proceedings. Petitioner claims that there is a delay in his state criminal proceedings due to the heavy caseloads pending in the state courts. (Doc. 1, at 9.) Petitioner references Crawford County Case Nos. 20CR130G, 18CR30G, and 18CR111G. On October 21, 2022, the District Court of Crawford County, Kansas, entered an order in three of Petitioner's criminal cases. *See State v. Tallie*, Case Nos. 2018-CR-000030, 2018-CR-000111, and 2020-CR-000130. The order provides that a probation violation hearing was held on October 18, 2022, and sets the next hearing for January 31, 2023. Petitioner also has state habeas actions and a petition for writ of mandamus pending. *See Tallie v. Smith*, Case

1

No. CRP-2022-CV-000117 (filed Oct. 31, 2022, and pending); *Tallie v. Wiele*, Case No. CRP-2022-CV-000077 (on appeal); Case No. 125,647 (Kansas Supreme Court).

In his response, Petitioner clarifies that the delay in his state court proceedings was not solely because of the heavy caseloads pending in the state courts. He claims that his current setting for January 31, 2023, is due to crowded dockets, but the delay prior to this was due to "bad faith prosecution, harassment, judicial misconduct, and a conspiracy to deprive [him] of [his] civil rights." (Doc. 6, at 1.) Later in his response, he acknowledges that the prior delay was due in part to COVID. *Id*. at 5. Petitioner then sets forth his dissatisfaction with his state court proceedings.

Petitioner has raised these same issues in state court. On August 30, 2022, the state court judge entered an order setting forth in detail the events occurring in his state criminal proceedings. *See State v. Tallie*, Case No. 2020-CR-130G, August 30, 2022 Decision of the Court on Motion Matters (District Court of Crawford County, Kansas). The court denied Petitioner's motion to suppress and denied his speedy trial challenges, finding that: the delay was not lengthy; Petitioner had at least four changes of appointed or standby counsel due to conflicts; there have been times during the pendency of the case when warrants were outstanding; time commands of the preliminary hearing are directory versus mandatory; many of the detrimental effects of incarceration are not unique to Petitioner; and for much of the pendency of his case Petitioner was either on probation or house arrest. *Id*. at 9–11. The court also held that:

> the 2021 session of the Kansas Legislature amended that statute to suspend all time limitations under K.S.A, 22-3462 until May 1, 2023. That change in the law became effective on March 31, 2021. Thus, there are no statutory speedy trial limits which affect Defendant Tallie's case at the present time. Thus, his challenge of a statutory speedy trial violation must fail.

*Id*. at 9.

While the Court is sympathetic to the delays Petitioner has experienced in state court, he has raised this claim in his criminal action and has a habeas action pending on appeal. If Petitioner is convicted, he can raise these issues on direct appeal. It also appears that Petitioner's pretrial conference is scheduled for January 31, 2023, and his jury trial is scheduled for February 1–3, 2023. *See State v. Tallie*, Case No. 2020-CR-130G, October 20, 2022 Notices of Hearing (District Court of Crawford County, Kansas).

The Court finds that Petitioner has not shown good cause why this matter should not be dismissed under the abstention doctrines set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and *Ex Parte Royall*, 117 U.S. 241 (1886). As the Court found in its prior Memorandum and Order to Show Cause, a petitioner has a "heavy burden" to overcome *Younger* abstention by setting forth "more than mere allegations of bad faith or harassment." *Amanatullah*, 187 F.3d at 1165 (citation omitted). The Court dismisses the petition without prejudice under the abstention doctrines set forth in *Ex Parte Royall* and *Younger*.

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability ("COA") upon entering a final adverse order. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that the COA requirement applies "whenever a state prisoner habeas petition relates to matters flowing from a state court detention order").

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district

court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed without prejudice.**

**IT IS FURTHER ORDERED** that no certificate of appealability will issue.

**IT IS SO ORDERED**.

Dated December 1, 2022, in Kansas City, Kansas.

S/   John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE