IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSEPH N. TALLIE,**

    **Petitioner,**

    v.                                                              **CASE NO. 22-3284-JWL-JPO**

**DANNY SMITH, et. al,**

    **Respondents.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a pretrial detainee at the Crawford County Jail in Girard, Kansas, proceeds pro se. The Court screened the Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and directed Petitioner to show good cause why this matter should not be dismissed under the abstention doctrines set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and *Ex Parte Royall*, 117 U.S. 241 (1886). (Doc. 5.) After reviewing Petitioner's response (Doc. 6), the Court entered a Memorandum and Order on December 1, 2022 (Doc. 7) ("M&O"), finding that Petitioner failed to show good cause why this matter should not be dismissed, and dismissing the petition without prejudice under the abstention doctrines set forth in *Ex Parte Royall* and *Younger*. This matter is before the Court on Petitioner's Motion to Reconsider Dismissal & COA (Doc. 10).

Petitioner alleges that "a near replica" of his Petition in this case was denied by the Kansas Supreme Court. (Doc. 10, at 1.) Petitioner argues that all forms of state relief have been exhausted and therefore this Court should consider whether his detention is in violation of the federal constitution. *Id*. Petitioner then reasserts the delay in his state criminal case. *Id*. at 1–2.

Because Petitioner's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a

judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. at 929 (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Petitioner does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). Petitioner reasserts his arguments about delay in his state criminal proceedings and states that he has exhausted his state court remedies because the Kansas Supreme Court denied his state court petition. The Court noted in the M&O that if Petitioner is convicted, he can raise these issues on direct appeal. The Court also found that it appears that Petitioner's pretrial conference is scheduled for January 31, 2023, and his jury trial is scheduled for February 1–3, 2023. *See State*

*v. Tallie*, Case No. 2020-CR-130G, October 20, 2022 Notices of Hearing (District Court of Crawford County, Kansas). Petitioner has failed to meet the standard required for this Court to alter or amend its December 1, 2022 Memorandum and Order and Judgment (Docs. 7, 8). Petitioner's motion for reconsideration is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Motion to Reconsider Dismissal & COA (Doc. 10) is **denied.**

**IT IS SO ORDERED**.

**Dated December 30, 2022, in Kansas City, Kansas.**

        **S/    John W. Lungstrum**
        **JOHN W. LUNGSTRUM**
        **UNITED STATES DISTRICT JUDGE**